FILED - USDC - FLMD - JAX
JUN 17 2025 PM1:33

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

3:25-cv-683-MMH-MCR

---

DUSTIN DUFAULT,

Plaintiff,

v.

NASSAU COUNTY SHERIFF'S OFFICE,

SHERIFF BILL LEEPER, in his official capacity,

and JOHN DOE DEPUTIES 1–3, in their individual capacities,

Defendants.

---

Case No.: [To be assigned]

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

## I. INTRODUCTION

This is a civil rights action under 42 U.S.C. § 1983 challenging the Nassau County Sheriff's Office's ongoing refusal to enforce Plaintiff's lawful request for a trespass warning against a private individual, based on the Sheriff's Office's internal policy of substituting its interpretation of a civil parenting plan for the application of Florida's criminal trespass statutes.

Plaintiff brings this action seeking declaratory and injunctive relief, as well as damages, based on violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) as this case arises under the Constitution and laws of the United States.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in Nassau County, Florida.

## III. PARTIES

Plaintiff Dustin DuFault is a resident of Nassau County, Florida.

Defendant Nassau County Sheriff's Office is a law enforcement agency organized under the laws of the State of Florida.

Defendant Sheriff Bill Leeper is the elected sheriff of Nassau County and is sued in his official capacity.

Defendants John Doe Deputies 1–3 are unidentified individual deputies of the Sheriff's Office involved in denying Plaintiff's requests and are sued in their individual capacities.

## IV. FACTUAL ALLEGATIONS

Plaintiff is a lawful tenant of an apartment in Nassau County, Florida, where he exercises parenting time with his minor children.

On multiple occasions, Plaintiff has requested that deputies issue a trespass warning to Ms. Erin Schreiber, who has entered the property and acted in a threatening and disruptive manner, including banging on and opening the door, causing distress to the children and Plaintiff.

Despite meeting the statutory criteria for trespass under Florida Statutes § 810.09, the Sheriff's Office has refused to act, citing an internal belief that the civil parenting plan precludes enforcement of Plaintiff's trespass request.

In one instance, the apartment management independently requested a trespass warning against Ms. Schreiber due to complaints from other residents. A trespass was issued and later rescinded by NCSO administration without management's consent.

Plaintiff subsequently contacted the General Counsel of NCSO to request clarification and reinstatement. A representative of the Sheriff's Office responded by phone and reaffirmed the Office's refusal to act, declining to provide a written policy or explanation.

## V. CLAIMS FOR RELIEF

Count I – 42 U.S.C. § 1983 – Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

Defendants, under color of state law, deprived Plaintiff of his right to be secure in his home and to control who enters his residence, in violation of the Fourth Amendment.

Defendants further deprived Plaintiff of equal protection and due process of law by applying a non-statutory policy that privileges civil claims over Plaintiff's statutory right to enforce trespass law.

JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Enter a declaratory judgment that Defendants' actions and policies violate Plaintiff's constitutional rights;

b) Issue a permanent injunction requiring Defendants to enforce valid trespass requests by lawful residents regardless of civil parenting agreements;

c) Award Plaintiff compensatory damages in an amount to be determined at trial;

d) Award punitive damages against the individual Defendants for reckless disregard of Plaintiff's rights;

e) Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

f) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dustin DuFault

815 Stanley Drive

Fernandina Beach, FL, 32034

410.982.9607

dustin@halcyonharbor.com