UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DUSTIN DUFAULT,

      Plaintiff,

v.                                                CASE NO. 3:25-cv-683-MMH-MCR

NASSAU COUNTY SHERIFF'S
OFFICE, *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which the Court construes as a Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 2), and Plaintiff's Motion for Permission to File Electronically ("Filing Motion"). For the reasons stated herein, the IFP Motion and the Filing Motion will be **DENIED without prejudice**.

The Court may, upon a finding of indigency, authorize the prosecution of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show he is "absolutely destitute" to qualify for *pauper* status under section 1915, a litigant does need to show an inability "to

pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

The IFP Motion is deficient in several respects. First, Plaintiff states that he expects major changes to his income or expenses, or to his assets or liabilities, in the next year. (Doc. 2 at 5.) However, he fails to describe these expected changes on an attached sheet as required. Next, most boxes on the form are left blank. (*See* Doc. 2.) Plaintiff must fill out the entire form. If a particular question does not apply, Plaintiff must write N/A rather than leaving it blank. Finally, it is unclear how Plaintiff pays his monthly expenses without any income or other liquid assets. Plaintiff must explain this in any future IFP motion.[1]

Regarding the Filing Motion, *Pro se* litigants are not permitted to file electronically without a court order. M.D. Fla. Admin. Procedures for Electronic Filing B.4 (April 1, 2024). Plaintiff does not provide any justification for departing from the general procedure, and the Motion also fails to comply with Local Rules of this Court. *See, e.g.*, M.D. Fla. R. 3.01(a).

---

[1] The Court does not address the sufficiency of the Complaint at this time.

Accordingly, it is **ORDERED**:

1. The IFP Motion (**Doc. 2**) is **DENIED without prejudice**.

2. **On or before August 8, 2025**, Plaintiff shall either complete and file an amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), or pay the required filing fee. If Plaintiff fails to do so, the undersigned will likely recommend that the District Judge dismiss this action.[2] The Clerk shall mail a copy of the Long Form Application to Plaintiff along with a copy of this Order.

3. The Filing Motion (**Doc. 3**) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on July 24, 2025.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro se* Plaintiff

---

[2] Even a dismissal without prejudice may impact Plaintiff's substantive rights by, for example, expiration of the right-to-sue period or application of a statute of limitations.