UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DUSTIN DUFAULT,

    Plaintiff,

v.                                  CASE NO. 3:25-cv-683-MMH-MCR

NASSAU COUNTY SHERIFF'S
OFFICE, *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on *pro se* Plaintiff's amended Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 6) and the Supplemental Affidavit in support thereof (Doc. 7). For the reasons stated herein, the IFP Motion will be **TAKEN UNDER ADVISEMENT**, and Plaintiff will be directed to file an amended complaint that complies with this Order **on or before September 24, 2025**.

    **I.**    **Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When such a motion is

filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.*

While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [*pro se*] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading' . . . prohibited by Rule 8(a)(2)." *Lampkin-*

2

*Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). As such, even *pro se* complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

## II.   Analysis

Even liberally construed, Plaintiff's Complaint does not meet the above requirements and is otherwise deficient.[1] Specifically, the structure of the Complaint makes it difficult to discern what claim(s) Plaintiff intends to bring against each Defendant, and what factual allegations support those claims. (*See* Doc. 1.) First, none of the factual allegations in the Complaint are incorporated into any count. (*Id.*) Additionally, it appears that Plaintiff is attempting to bring multiple claims under 42 U.S.C. § 1983 against multiple Defendants in a single count. (*Id.* at 2–3.) This is impermissible because it is unclear what factual allegations pertain to which Defendant in support of each claim. In short, the factual allegations, which are not incorporated into any count, are insufficient to state any claim against any Defendant. Nevertheless, Plaintiff will be provided an opportunity to cure these deficiencies, if possible, by filing an amended complaint.[2]

---

[1] There are numerous deficiencies in Plaintiff's Complaint. This Order is not meant to address all of them.

[2] This Order does not address the sufficiency of the IFP Motion.

### III. Conclusion

Accordingly, it is **ORDERED**:

1. The IFP Motion (**Doc. 6**) is **TAKEN UNDER ADVISEMENT**.

2. **On or before September 24, 2025**, Plaintiff shall file an amended complaint in compliance with this Order and all applicable rules and law. If Plaintiff fails to do so, the undersigned will likely recommend that the District Judge deny the IFP Motion and dismiss this action.[3]

**DONE AND ORDERED** in Jacksonville, Florida, on September 10, 2025.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro se* Plaintiff

---

[3] Even a dismissal without prejudice may impact Plaintiff's substantive rights by, for example, expiration of the right-to-sue period or application of a statute of limitations.