In The United States District Court
For The Middle District Of Florida
Jacksonville Division

Dustin DuFault,

        Plaintiff,              CASE NO. 3:25-cv-683-MMH-MCR

V.

Sheriff Bill Leeper, In His Official Capacity
as Sheriff of Nassau County;
Director John Anstett, In His Individual Capacity;
Director Robert "Bobby" Lippelman, In His Individual Capacity;
Sergeant Kellam Paolillo, In His Individual Capacity; And
Detective Ivan Pinkston, In His Individual Capacity;

        Defendants.

**Plaintiff's Motion For Leave To File Second Amended Complaint**

Plaintiff Dustin DuFault, proceeding pro se, respectfully moves under Federal Rule of Civil Procedure 15(a)(2) for leave to file the attached Second Amended Complaint, and in support states as follows:

Procedural Background

1. Plaintiff filed his original complaint on June 17, 2025.

2. On September 26, 2025, Plaintiff filed a First Amended Complaint, which is the current operative pleading.

3. Since filing, Plaintiff has prepared a Second Amended Complaint (**Exhibit A**) that adds a necessary defendant, reorganizes claims for clarity, and incorporates newly discovered evidence supporting his constitutional claims.

Purpose and Scope of Amendment

4. The proposed amendment:

   a. Adds Director Robert "Bobby" Lippelman as a defendant in his individual capacity, based on newly discovered evidence of his direct involvement in the constitutional violations, including:

      I. His role as NCSO General Counsel who provided the legal rationale for voiding a lawfully issued trespass warning;

      II. His supervisory authority over the Records Division, which has systematically denied Plaintiff access to public records while facilitating access for Ms. Schreiber;

      III. His participation in the coordinated action to deprive Plaintiff of constitutional rights;

   b. Reorganizes and expands the counts to ten specific counts that clearly delineate which constitutional claims apply to which defendants:

      I. Counts I-II: Substantive Due Process and Equal Protection violations against Defendant Paolillo

      II. Counts III-IV: Substantive Due Process and Equal Protection violations against Defendant Anstett

      III. Counts V-VI: Substantive Due Process and Equal Protection violations against Defendant Pinkston

      IV. Counts VII-VIII: Substantive Due Process and Equal Protection violations against Defendant Lippelman

      V. Count IX: Conspiracy claim against Defendants Lippelman, Paolillo, and Anstett

      VI. Count X: Monell claim against Sheriff Leeper in his official capacity;

   c. Adds substantial new factual allegations documenting systematic failures of evidence preservation and public records protocols, including evidence that NCSO:

    I. Failed to produce body-worn camera footage that should have been preserved under GS2 retention schedules;

    II. Provided incomplete and improperly redacted records to Plaintiff;

    III. Simultaneously facilitated Ms. Schreiber's records requests while stonewalling Plaintiff's;

    IV. Deleted public records from the JustFOIA portal after Plaintiff challenged their adequacy;

d. Incorporates twenty exhibits (A through T) that document and support the allegations, properly redacted to comply with Fed. R. Civ. P. 5.2 and Local Rule 1.11;

e. Refines factual allegations for clarity and precision based on documents obtained through public records requests;

f. Strengthens the Monell claim with additional pattern evidence showing the unconstitutional customs were widespread and ratified by final policymakers.

Legal Standard and Good Cause

5. Under Rule 15(a)(2), leave to amend "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178 (1962). Courts in the Eleventh Circuit freely permit amendment absent undue delay, bad faith, or prejudice. Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).

6. Good cause exists here because:

    a. Plaintiff discovered Director Lippelman's direct involvement only through persistent public records requests and analysis of NCSO's responses;

    b. The reorganization of counts promotes judicial efficiency by clarifying which defendants face which claims;

    c. The new factual allegations are based on recently obtained evidence that strengthens existing claims;

    d. The amendments are made in good faith to present a more complete picture of the constitutional violations.

No Undue Delay or Prejudice

7. No responsive pleading has yet been filed, no discovery has commenced, and no scheduling order has issued. While the amendment adds Director

5

Lippelman as a defendant and reorganizes the counts, it arises from the same core facts and transactions already pleaded. The constitutional theories remain the same—only their organization and the evidence supporting them have been enhanced. Defendants will have full opportunity to respond to the amended pleading without any prejudice to their ability to defend.

Request for Administrative Filing of Proposed Amendment

8. Plaintiff has attached the proposed Second Amended Complaint as **Exhibit A** to this motion. Upon granting leave to amend, Plaintiff respectfully requests the Court direct the Clerk to docket the attached Second Amended Complaint as the operative pleading.

**Wherefore,** Plaintiff respectfully requests that the Court:

A. Grant this Motion for Leave to File Second Amended Complaint;

B. Direct the Clerk to docket the attached Second Amended Complaint (with redacted exhibits) as the operative pleading upon entry of an order granting this motion;

C. Grant such other relief as the Court deems equitable and just.

Respectfully submitted,

*[signature]*

Dustin DuFault
Pro Se Plaintiff
815 Stanley Drive
Fernandina Beach, FL 32034
410.982.9607
dustin@halcyonharbor.com
Date: October 6, 2025

**CERTIFICATE OF SERVICE**

Because Plaintiff's motion to proceed in forma pauperis remains pending and service has not yet been ordered or effected, no defendants have appeared in this action. Upon the Court's ruling on the in forma pauperis application and any directive that the United States Marshals Service effect service, Plaintiff will ensure that all subsequent filings are served as required by the Federal Rules of Civil Procedure and this Court's orders.

*[signature]*

Dustin DuFault