UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DUSTIN DUFAULT,

    Plaintiff,

v.                                                    CASE NO. 3:25-cv-683-MMH-MCR

NASSAU COUNTY SHERIFF'S
OFFICE, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which the Court construes as a Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 6). For the reasons stated herein, the IFP Motion will be **DENIED without prejudice**.

The Court may, upon a finding of indigency, authorize the prosecution of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show he is "absolutely destitute" to qualify for *pauper* status under section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for

himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

In the IFP Motion and the Supplement thereto (Doc. 7), Plaintiff explains that his financial situation may materially change in the next year. The IFP Motion was filed on July 31, 2025. (Doc. 6.) Given the passage of time, the Court requires an update on Plaintiff's current financial status.[1] Therefore, the IFP Motion will be denied without prejudice to Plaintiff filing a new motion that reflects his current financial status.

Accordingly, it is **ORDERED**:

1. The IFP Motion (**Doc. 6**) is **DENIED without prejudice**.

2. **On or before December 24, 2025**, Plaintiff shall either complete and file an amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), or pay the required filing fee. If Plaintiff fails to do so, the undersigned will likely recommend that the District Judge dismiss this action.[2] The Clerk shall mail a copy of the Long Form Application to Plaintiff along with a copy of this Order.

---

[1] A ruling on the IFP Motion has been delayed largely because Plaintiff has filed two amended complaints since filing the IFP Motion.

[2] Even a dismissal without prejudice may impact Plaintiff's substantive rights by, for example, expiration of the right-to-sue period or application of a statute of limitations.

**DONE AND ORDERED** in Jacksonville, Florida, on December 9, 2025.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro se* Plaintiff