UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DUSTIN DUFAULT,

    Plaintiff,

v.                                        CASE NO. 3:25-cv-683-MMH-MCR

NASSAU COUNTY
SHERIFF'S OFFICE, *et al.*,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*, i.e., on its own motion.

A review of the file indicates that Plaintiff is proceeding *pro se*, i.e., without an attorney. Because Plaintiff is proceeding *pro se*, the Court will take the opportunity to inform Plaintiff of some, but not all, of the procedural rules with which he must comply. The Court reminds Plaintiff of these obligations because *pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules.[1] *Moon v. Newsome*, 863 F.2d

---

[1] Plaintiff is hereby reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the

835, 837 (11th Cir. 1989).

While the Court will set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.  In addition, for more information, Plaintiff should review the "Litigants Without Lawyers" section of the Court's website at www.flmd.uscourts.gov.

The first of the requirements with which Plaintiff must comply are those regarding service of process on Defendants.  In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff is required to perfect service upon Defendants "within 90 days after the complaint is filed," or, in this case, **no later than May 18, 2026**.  Fed. R. Civ. P. 4(m).  Plaintiff is informed that failure to timely or otherwise properly perfect service of process may, under some circumstances, result in the dismissal of a case in its entirety.  *See* Fed. R. Civ. P. 4(m).  Plaintiff must also file proof of service as to each Defendant who has not waived service.  *See* Fed. R. Civ. P. 4(l)(1).

All documents filed with the Court must be in the form of a pleading, *see* Fed. R. Civ. P. 7(a), or of a motion, *see* Fed. R. Civ. P. 7(b).  Each

---

law libraries of the state and federal courthouses.

pleading, motion, notice, or other paper shall be presented in a separate document.

Plaintiff must timely respond to the motions filed by other parties in this case, for if he does not timely respond to such a motion, the Court may assume that Plaintiff does not oppose that motion and any relief requested therein.[2]  Local Rule 3.01 provides that any brief or legal memorandum in opposition to a motion must be filed within 14 days after Plaintiff is served with that motion by his opponent.  If a party has missed a filing deadline, the party must file a motion seeking leave of Court to file the document out of time.

Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form.  In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure.  Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will

---

[2] Motions that Plaintiff must respond to include, but are not limited to, discovery motions under Fed. R. Civ. P. 37, motions to dismiss under Fed. R. Civ. P. 12(b), and motions for summary judgment under Fed. R. Civ. P. 56.

3

be returned to the sending party.

All documents filed with the Court must include a caption; a brief title that describes the nature of the document; Plaintiff's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must bear his original signature, or they will be rejected by the Court. Among other things the signature serves as Plaintiff's certification, pursuant to Fed. R. Civ. P. 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Fed. R. Civ. P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of Plaintiff's case.

All pleadings, motions, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service. The Certificate of Service is confirmation that Plaintiff has complied with the requirements of Fed. R. Civ. P. 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a

minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (*e.g.*, U.S. Mail, Federal Express, or hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. If Plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, Plaintiff must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. *See* M.D. Fla. R. 3.01(b). The motion and memorandum shall be filed as one single document, however, and cannot exceed twenty-five pages (25) in length. *See id.* Further, Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires that he confer with opposing counsel in a good faith attempt to resolve the issue. Plaintiff must include a certification in the motion that he has complied with this requirement and he shall also notify the Court whether the parties agree on the relief requested.[3] The

---

[3] Plaintiff must also make himself available to confer with opposing counsel prior to Defendant filing most motions. Failure to do so may result in the

Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. The failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiff is also cautioned that he must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including dismissal of this case. Plaintiff is reminded that, although he is now proceeding *pro se*, he is not relieved of all of the obligations that rest upon an attorney. There are still many requirements with which Plaintiff must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. *See* Fed. R. Civ. P. 37. In addition, failure to conduct a timely Case Management Conference and submit a Case Management Report can result in dismissal of this case for lack of prosecution. *See* M.D. Fla. R. 3.02 & 3.10.

---

imposition of sanctions pursuant to Local Rule 3.01(g)(3).

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. **On or before May 18, 2026**, Plaintiff shall perfect service of process on Defendants, and file proof of service or waiver thereof.

2. Plaintiff shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and any applicable statutes and regulations.

**DONE AND ORDERED** in Jacksonville, Florida, on February 17, 2026.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro se* Plaintiff