In The United States District Court
For The Middle District Of Florida
Jacksonville Division

Dustin DuFault,

Plaintiff, CASE NO. 3:25-cv-683-MMH-MCR

V.

Sheriff Bill Leeper, In His Official Capacity
as Sheriff of Nassau County;
Director John Anstett, In His Individual Capacity;
Director Robert "Bobby" Lippelman, In His Individual Capacity;
Sergeant Kellam Paolillo, In His Individual Capacity; And
Detective Ivan Pinkston, In His Individual Capacity;

Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Local Rules 3.01(a) and 3.01(g), and the Court's Order of September 1, 2026 (Doc. 43), Plaintiff Dustin DuFault, proceeding pro se, respectfully moves for leave to file the proposed Third Amended Complaint attached as Exhibit 1, together with its exhibits, and states:

## I. BACKGROUND

1. Plaintiff's operative Second Amended Complaint (Doc. 15) pleads Fourteenth Amendment claims arising from the Nassau County Sheriff's Office's differential administration of its enforcement authority. The served Defendants moved to dismiss (Doc. 38), arguing principally that the equal-protection counts do not identify sufficiently specific similarly situated comparators, that the substantive-due-process counts fail under DeShaney v. Winnebago County and Town of Castle Rock v. Gonzales, and that the conspiracy count is barred by the intracorporate-conspiracy doctrine.

2. In his Response (Doc. 42), Plaintiff did not oppose dismissal of the substantive-due-process counts to the extent they assert a freestanding right to law-enforcement services, acknowledged that binding precedent may foreclose the conspiracy count as pleaded, and advised the Court that comparator materials obtained after the filing of the Second Amended Complaint permit greater specificity. On September 1, 2026, the Court denied without prejudice the requests for leave embedded in the Response and directed that any such relief be sought by an appropriate motion. Doc. 43.

3. Plaintiff conferred in good faith with counsel for the served Defendants by email on September 2, 2026, describing the proposed amendment with specificity, including the comparator case numbers. Counsel was asked to state Defendants' position by noon on September 3, 2026, and had not responded as of

the filing of this motion. Defendants Leeper and Paolillo have not appeared; no conferral with them was possible.

## II. THE PROPOSED AMENDMENT

4. The proposed Third Amended Complaint narrows this case. It withdraws five of the ten current counts: all four substantive-due-process counts (current Counts I, III, V, and VII), consistent with the positions taken in Plaintiff's Response, and the conspiracy count (current Count IX). It reduces the pleading from 152 numbered paragraphs across 58 pages to 82 numbered paragraphs, and conforms the prayer for relief.

5. The proposed pleading repleads the equal-protection claims with the comparator specificity Defendants' motion demands. Among other comparators, it pleads – based on records obtained from the Office of the State Attorney for the Fourth Judicial Circuit after the Second Amended Complaint was filed – a January 2025 child-abuse investigation conducted by Defendant Pinkston himself, arising under the same statute, involving the same category of injuries, the same Child Protection Team posture, and the same parental-discipline defense, in which Defendant Pinkston took each investigative step omitted from the investigation at issue and rejected the same defense he credited here. Proposed TAC ¶¶ 40–46 & Exs. V–X.

## III. MEMORANDUM OF LAW

6. Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility, leave should be granted. Foman v. Davis, 371 U.S. 178, 182 (1962). A pro se plaintiff ordinarily must be given at least one opportunity to amend where a more carefully drafted complaint might state a claim. Woldeab v. DeKalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291–92 (11th Cir. 2018).

7. No undue delay. The comparator records were obtained from the State Attorney's Office after the Second Amended Complaint was filed, and this motion follows within days of the Court's September 1 Order directing that leave be sought by proper motion.

8. No bad faith or dilatory motive. The amendment reduces the number of claims and defendants' exposure; a party does not act in bad faith by conforming its pleading to concessions already made on the record.

9. No repeated failure to cure. The Court's September 10, 2025 Order (Doc. 8) identified two structural deficiencies, which the operative complaint corrected; no prior order has addressed comparator specificity. This is the first amendment directed to that subject.

10. No undue prejudice. No discovery has occurred, no schedule has been entered, and the case remains at the pleading stage. The proposed amendment

responds directly to the arguments raised in Defendants' pending motion rather than evading them.

11. Not futile. Defendants' principal argument is that the equal-protection counts identify no sufficiently specific comparator. The proposed pleading identifies particular comparator investigations — including one conducted by the same investigator, under the same statute, presenting the same defense — pleaded step by step against the treatment Plaintiff received. Proposed TAC ¶¶ 40–46. Whether those allegations ultimately prevail is not the question at this stage; they squarely address the deficiency asserted.

12. This motion complies with the requirements identified in the Court's September 1 Order: it is a freestanding motion supported by a memorandum of legal authority, Local Rule 3.01(a); it includes a Local Rule 3.01(g) certificate; and the proposed amended pleading is attached. Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999).

13. If leave is granted, Plaintiff respectfully requests that the Third Amended Complaint be docketed as the operative complaint and that the United States Marshals Service be directed to serve it upon Defendants Leeper and Paolillo in connection with the service already ordered. Doc. 40.

410.982.9607

dustin@halcyonharbor.com

Date: September 04, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 04, 2026, I served a true and correct copy of the foregoing, with its attachment, by United States first-class mail, postage prepaid, upon Dale A. Scott, Esq., Tessitore, Mari, Scott, PLLC, 1485 International Parkway, Suite 2031, Lake Mary, FL 32746, counsel for Defendants Anstett, Lippelman, and Pinkston.

Dustin DuFault

**WHEREFORE,** Plaintiff respectfully requests that the Court grant leave to file the attached Third Amended Complaint, deem it the operative pleading upon filing, and grant such other relief as is just.

## LOCAL RULE 3.01(g) CERTIFICATE

Plaintiff certifies that on September 2, 2026, he conferred in good faith by email with Dale A. Scott, Esq., counsel for Defendants Anstett, Lippelman, and Pinkston, describing the substance of the proposed amendment, requesting Defendants' position by noon on September 3, 2026. Counsel had not responded as of the filing of this motion. Plaintiff will continue attempting to confer and will promptly supplement pursuant to Local Rule 3.01(g)(3) upon receiving counsel's position. Defendants Leeper and Paolillo have not appeared, and no conferral with them was possible.

Respectfully submitted,

Dustin DuFault
Pro Se Plaintiff
37425 Cody Circle, Apt C12
Hilliard, FL 32046